FILED
CLERK, U.S. DISTRICT COURT
09/25/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: kdu DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

CHYANNE BUTLER,

Plaintiff,

v.

JSERRA CATHOLIC HIGH SCHOOL, RICHARD MEYERS, AND DOES 1 THROUGH 10, INCLUSIVE,

Defendants.

Case No.: 8:25-cv-01430-DOC-JDE

**JURY INSTRUCTIONS (GIVEN)**

**Jury Instruction No. 1**

**DUTY OF JURY**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

## Jury Instruction No. 2

## STATEMENT OF THE CASE

This is an employment case. Plaintiff Chyanne Butler was employed by Defendant JSerra Catholic High School as the Head Girls' Varsity Basketball Coach.

Ms. Butler alleges that JSerra discriminated against her based on sex, retaliated against her for complaining about unlawful conduct, and wrongfully terminated her employment.

JSerra denies all of Ms. Butler's allegations and contends that it acted lawfully and for legitimate, nondiscriminatory, and nonretaliatory reasons. JSerra also denies that Ms. Butler complained of any unlawful conduct. JSerra further contends that Ms. Butler is not entitled to damages.

**Jury Instruction No. 3**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Jury Instruction No. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are admitted into evidence;

(3) any facts to which the lawyers have agreed; and

(4) any facts that I may instruct you to accept as proved.

**Jury Instruction No. 5**

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Jury Instruction No. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Jury Instruction No. 7**

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Jury Instruction No. 8**

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Jury Instruction No. 9**

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you. You must therefore treat these facts as having been proved.

- Chyanne Butler was employed as Head Girls' Basketball Coach at JSerra beginning in August 15, 2022.
- JSerra is a Catholic high school.
- Chyanne Butler entered into an employment agreement for the 2024–2025 school year.
- Chyanne Butler was placed on administrative leave on December 26, 2024.
- Chyanne Butler employment was terminated on January 24, 2025.
- JSerra is a religious institution.
- Chyanne Butler's claims for discrimination on the basis of sex, retaliation, and wrongful termination arise from the employment relationship.

## Jury Instruction No. 10

## RETALIATION – ELEMENTS

Chyanne Butler seeks damages against JSerra Catholic High School for retaliation. Chyanne Butler has the burden of proving each of the following elements by a preponderance of the evidence:

First, Ms. Butler opposed an unlawful employment practice;

Second, the employer subjected Ms. Butler to an adverse employment action; and

Third, Ms. Butler was subjected to the adverse employment action because of her opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of her opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

If you find that Ms. Butler has proved all three of these elements, your verdict should be for Chyanne Butler. If, on the other hand, Ms. Butler has failed to prove any of these elements, your verdict should be for JSerra.

## Jury Instruction No. 11

## "ADVERSE EMPLOYMENT ACTION" IN RETALIATION CASES

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

## Jury Instruction No. 12

## GENDER/SEX DISCRIMINATION - ELEMENTS

For Chyanne Butler's claim that she was discharged by JSerra Catholic High School because of Chyanne Butler's sex, Chyanne Butler has the burden of proving the following elements by a preponderance of the evidence:

First, Chyanne Butler was discharged by the JSerra Catholic High School; and

Second, JSerra Catholic High School discharged Chyanne Butler because of Chyanne Butler's sex;

Third, Chyanne Butler was qualified for her position; and

Fourth, similarly situated individuals outside Chyanne Butler's sex were treated more favorably.

If Chyanne Butler has proven each of these elements by a preponderance of the evidence, Chyanne Butler is entitled to your verdict.

JSerra Catholic High School is a religious institution and may hold and apply religious beliefs and standards. You may not consider whether JSerra Catholic High School's religious beliefs or doctrines are correct, reasonable, or valid or whether you agree with them. If you find that JSerra Catholic High School's employment decisions relating to Chyanne Butler rested on JSerra Catholic High School's sincerely held religious beliefs, then you may find for JSerra Catholic High School on the sex discrimination claim. But if you find that JSerra Catholic High School's stated religious reason was applied in such a manner that similarly situated individuals outside of Chyanne Butler's sex were treated more favorably, then Chyanne Butler is entitled to your verdict if the first three elements above are also met.

**Jury Instruction No. 13**

**GENDER/SEX DISCRIMINATION – "BECAUSE OF" DEFINED**

"Because of" means "by reason of" or "on account of." This is sometimes referred to as "but-for causation." This form of causation is shown whenever a particular outcome would not have happened "but for" the purported cause. It is a reason without which JSerra Catholic High School discharging Chyanne Butler would not have occurred.

A but-for test directs us to change one thing at a time and see if the outcome changes. If it does, we have found a "but-for cause." Often, events have multiple but-for causes. For example, if a car accident occurred both because the defendant ran a red light and because the plaintiff failed to signal his turn at the intersection, we might call each a "but-for cause" of the collision.

In the context of this claim, JSerra Catholic High School cannot avoid liability just by citing some other factor that contributed to the challenged employment decision. So long as Chyanne Butler's sex was one but-for cause of that decision, that is enough to trigger the law. A "but-for cause" does not mean the sole cause or even a primary cause.

## Jury Instruction No. 14

## "ADVERSE EMPLOYMENT ACTION" IN GENDER/SEX DISCRIMINATION CASES

An action is an adverse employment action if it materially affects the compensation, terms, conditions, or privileges of employment.

## Jury Instruction No. 15

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY - ELEMENTS

Chyanne Butler claims she was discharged from employment for reasons that violate a public policy. To establish this claim, Ms. Butler must prove all of the following:

1. That Ms. Butler was employed by JSerra Catholic High School;
2. That JSerra discharged Ms. Butler;
3. That Ms. Butler's sex or opposition to an unlawful employment practice was a substantial motivating reason for her discharge;
4. That Ms. Butler was harmed; and
5. That the discharge was a substantial factor in causing Ms. Butler harm.

**Jury Instruction No. 16**

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Chyanne Butler on her claims, you must determine her damages. Ms. Butler has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Jury Instruction No. 17**

**MEASURE OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The mental, emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

The reasonable value of wages lost up to the present time; and

The reasonable value of wages that with reasonable probability will be lost in the future.

**Jury Instruction No. 18**

**DAMAGES ARISING IN THE FUTURE – DISCOUNT TO PRESENT CASE VALUE**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person of ordinary prudence, who has ordinary financial experience and skill. You should also consider decreases in the value of money that may be caused by future inflation.

**Jury Instruction No. 19**

**PUNITIVE DAMAGES**

If you find for Chyanne Butler, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Ms. Butler has the burden of proving by clear and convincing evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

**Jury Instruction No. 20**

**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Jury Instruction No. 21**

**CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses, or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process. Each of the parties is

entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**Jury Instruction No. 22**

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Jury Instruction No. 23**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Jury Instruction No. 24**

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.